IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR MUNOZ, individually, and<br>MUNOZ SONS TRUCKING, LLC, | Case No. 18-cv-3451 |
| Plaintiffs, | Judge Robert M. Dow, Jr. |
| v. | |
| NUCOR STEEL KANKAKEE, INC.,<br>and MATERIAL CONTROL, INC. d/b/a<br>COTTERMAN COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's bill of costs. [5108]. For the reasons set forth below, the Court grants in whole Defendant's bill of cost and awards Defendant $1,275.91 in costs.

**I.     Background**

Following an entry of summary judgment in favor of Defendant, the Defendant filed a bill of costs [5108] on February 18, 2021 totaling $1,275.91. The costs requested include (1) fees for transcripts necessarily obtained for use in the case and (2) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. The court now considers independently "whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). Defendant seeks to recover $793.95 in transcript fees for the three depositions. The first occurred on May 23, 2019 and cost $437.75. The second occurred on February 12, 2020 and cost $319.30. The third occurred on March 5, 2020 and cost $36.90. Costs include appearance fees plus the cost of production and printing the transcripts. Defendant also seeks to recover a total of $481.96 in exemplification and copying fees of exhibits. On five occasions, Defendant ordered copies of

materials for use in the case. The first are exhibits from Jesse Ball's deposition, which cost $55.80. The second are exhibits from Paul Labriola's deposition, which cost $1.20. The third are the certified medical records of Plaintiff from Physicians Immediate Care Radiology, which cost $30.18. The fourth are the certified medical records of Plaintiff from Physicians Immediate Care Illinois, which cost $34.87. The fifth are the certified medical records of Plaintiff from Froedtert South, which cost $359.91. The Court set a schedule for Defendant to file any objections to these claimed costs, but no objections were filed.

**II.     Legal Standard**

Federal Rules of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The party seeking an award of cost carries the burden of proving that the requested costs were reasonable and incurred necessarily. *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If and when the prevailing party shows that the sought-after items of cost should be allowed, the losing party then bears the burden of affirmatively proving that the taxed costs are inappropriate. *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 944 (N.D. Ill. 2012) (citing *Beamon v. Marshall & Illsey Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005)).

Imposing costs on the losing party requires two inquiries: (1) whether the cost is recoverable and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The list of costs recoverable according to 28 U.S.C. § 1920 includes (1) clerk fees, (2) transcript fees, (3) witness fees and expenses, (4) fees for copies of papers obtained out of necessity, (5) docket fees, and (6) compensation for court-appointed experts

and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Costs incurred merely for one's own convenience are not necessary and therefore not recoverable. See *Hecny Transp., Inc. v. Chu*, 2005 WL 2347228, at *2 (N.D. Ill. Sept. 23, 2005) (citing 28 U.S.C. § 1924).

If the opposing party does not object to the cost reimbursement sought, then reimbursement costs are awarded if they are reasonable and necessary as required under 28 U.S.C. § 1920(2).

### III. Analysis

#### A. Deposition Transcript Fees

Defendant seeks to recover $793.95 in transcript fees for the three depositions. The Court awards charges for depositions of transcripts if the deposition seems reasonable and necessary given the known facts at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curium). According to Northern District of Illinois Local Rule 54.1(b), the costs of a transcript cannot exceed the regular copy rate established by the Judicial Conference of the United States. That rate at the time of each deposition was $3.65 per page for an Ordinary Transcript, $4.25 per page for a Fourteen-Day Transcript, $4.85 per page for an Expedited Seven-Day Transcript, $5.45 per page for an expedited Three-Day Transcript, and $6.05 per page for a Daily Transcript.[1]

In addition to the per page limit, the Court can also award court reporter appearance fees. See *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). These costs should not exceed the rate established by the Judicial

---

[1] See Transcript Rules, http://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates

Conference of the United States under Local Rule 54.1(b). The published rates are $110.00 for one half day (four hours or less) and $220.00 for one full day attendance fee.

Defendant provided invoices and an affidavit supporting their demand for reimbursement of costs for all three deposition transcripts: (1) the Oscar Munoz deposition ($437.75); (2) the Jesse Ball deposition ($319.30); and (3) the Paul Labriola deposition ($36.90). The invoices and affidavit provided by Defendant to support its request for all three deposition transcripts list both the per page rate and the number of pages, which meet the requirements posed by the Judicial Conference of the United States. However, they do not provide an itemized court reporter attendance fee. Nevertheless, since Plaintiff has not filed an opposition to Defendant's bill of costs, the Court will assume that there is no dispute between the parties and that Plaintiff accepts that both the rate per page and the reporter attendance fee are appropriate in determining the reasonableness of the requested cost for each deposition. See *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995) ("Under Rule 54(d) of the Federal Rules of Civil Procedure, * * * the ultimate decision to award costs is within the district court's discretion."). Accordingly, the Court awards Defendant $793.95 for transcript fees.

    **B.    Exemplification and Copy Fees**

Defendant seeks to recover a total of $481.96 in exemplification and copying fees of exhibits. Fees associated with exemplification and the fees associated with making copies qualify under § 1920(4). The statute does not define exemplification. The Seventh Circuit has adopted a broad definition of permitting a "reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats, and kindred materials." See *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (quoting *EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227 (7th Cir. 1980)). In this case, Defendant submitted a bill of cost with exhibits attached that contain two

4

invoices for deposition exhibits and the three invoices for the obtainment of certified medical records of Oscar Munoz. Rule 54(d) of the Federal Rules of Civil Procedure makes clear that the district court retains discretion in awarding the cost even with the presumption in favor of awarding cost to the prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42. However, since Plaintiff has not objected to Defendant's bill of cost, the Court is required to award the cost unless it can state a good reason for denying costs requested by Defendant (*i.e.*, the exhibits and copies produced were unreasonable and unnecessary, see 28 U.S.C. § 1920(2)). See *Wks. v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Accordingly, the Court awards Defendant $481.96 for exemplification and copying fees.

## IV. Conclusion

In summary, the Court grants in whole Defendant's bill of costs [5108] by awarding Defendant $793.95 for transcript fees and $481.96 for exemplification and copying fees. The total award to Defendant is $1,275.91.

Dated: June 17, 2021

Robert M. Dow, Jr.
United States District Judge